**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

PAUL STEPHANSKI,

                        Plaintiff,

- v -                                          Civ. No. 9:16-CV-1155
                                                        (DNH/DJS)

DALE ARTUS, *Superintendent*, *Clinton Correctional Facility*, *et al.*,

                        Defendants.

**APPEARANCES:**                                     **OF COUNSEL:**

PAUL STEPHANSKI
Plaintiff, *Pro Se*
99-B-2439
Mid-State Correctional Facility
P.O. Box 2500
Marcy, N.Y. 13403

ERIC T. SCHNEIDERMAN                        COLLEEN D. GALLIGAN, ESQ.
Attorney General of the State of New York
Attorneys for Defendants
The Capitol
Albany, N.Y. 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    Presently before this Court is the Defendants' Motion to Dismiss the Complaint pursuant to FED. R. CIV. P. 12(c), Dkt. No. 25, Defs.' Mot. Dismiss, as well as Plaintiff's Motion to Amend the Complaint, Dkt. No. 27, Pl.'s Mot. Am. For the reasons that follow it is recommended that Defendants' Motion to Dismiss be **granted** and that Plaintiff's Motion to Amend be **denied**.

## I. FACTUAL AND PROCEDURAL HISTORY

*Pro se* Plaintiff Paul Stephanski commenced this action on September 22, 2016, by filing a civil rights Complaint pursuant to 42 U.S.C. §1983. Dkt. No. 1, Compl. The Complaint arises out of a physical assault that occurred in August 2010, when Plaintiff was incarcerated at Clinton Correctional Facility ("Clinton") in the custody of the Department of Corrections and Community Supervision ("DOCCS"). Compl. The Complaint alleges that on January 15, 2010, Plaintiff was transferred from Upstate Correctional Facility to Clinton. *Id.* at ¶ 1. That same day, Plaintiff discovered that an inmate who he previously had problems with at Upstate was also incarcerated at Clinton. *Id.* at ¶ 2. Plaintiff alleges that during the months of January and February 2010 he repeatedly requested that the Defendants place him in protective custody, but that those requests for protection were all denied. *Id*. at ¶¶ 5-27. On August 9, 2010, Plaintiff was allegedly attacked by three unidentified inmates, and during the course of that assault he was repeatedly punched and stabbed. *Id.* at ¶ 28. He sustained serious injuries, including a fractured jaw, loss of teeth, and blindness in one eye. *Id.* at ¶ 29. Plaintiff asserts, *inter alia*, an Eighth Amendment failure-to-protect claim against the individual Defendants. *Id.* at ¶¶ 32-35.

Plaintiff submitted an Application to Proceed *In Forma Pauperis*, Dkt. No. 4, and on November 11, 2016, the Plaintiff's Complaint underwent an initial review by the Honorable David N. Hurd, United States District Judge. Dkt. No. 7, Dec. & Order. Upon completion of that review, Judge Hurd allowed the claims based upon an alleged failure-to-protect in violation of the Plaintiff's Eighth Amendment rights to proceed as against Defendants Artus, Racette, Lacy, and Furnia, but all other claims asserted in the Complaint were dismissed. *Id.*

The Defendants then appeared in the action and answered the Complaint. Dkt. No. 14. As

part of their Answer, Defendants asserted the affirmative defense that Plaintiff's claims were barred by the applicable statute of limitations. *Id.*

On March 8, 2017, the Defendants filed a Motion under FED. R. CIV. P. 12(c) seeking dismissal of the Complaint on the ground that any claimed constitutional violation is barred by the statute of limitations. Dkt. No. 25-1, Defs.' Mem. of Law. Plaintiff has not specifically opposed Defendants' Motion, but he has filed his own Motion seeking to amend his Complaint. Pl.'s Mot. Am. As part of Plaintiff's Motion, he makes two arguments in response to Defendants' statute of limitations argument: (1) that as a result of his loss of vision in his left eye "there should be no statue of limitations" and; (2) he previously filed a claim with the New York Court of Claims, and was advised by an unnamed attorney that he could only bring one case at a time. *Id.* at p. 3.

## II. DISCUSSION

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). "The standard for granting a [FED. R. CIV. P.] 12(c) motion for judgment on the pleadings is identical to that of a [FED. R. CIV. P.] 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court accepts as true all factual allegations in the complaint. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). "Further, the court should construe the complaint liberally and draw inferences from the plaintiff's allegations in the light most favorable to the plaintiff." *Tamayo v. City of New York*, 2004 WL 137198, at *5 (S.D.N.Y. Jan. 27, 2004) (citing *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999)). The court need

not credit conclusory statements unsupported by assertions of facts or legal conclusions and characterizations presented as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), and must limit itself to facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint, *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).

Claims arising under 42 U.S.C. § 1983 are governed by state statutes of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). In New York, such claims are governed by the general three-year limitations period governing personal injury claims. *Owens v. Okure*, 488 U.S. 235, 251 (1989). Thus, unless the limitations period is tolled for some reason, a plaintiff must file his § 1983 civil rights action within three years of the accrual of each cause of action.

Under federal law,[1] a cause of action accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F. 2d 185, 191 (2d Cir. 1980). In this case, Plaintiff's sole remaining claim is that the Defendants failed to protect him against an assault by other inmates by refusing to place him in protective custody, as he had requested. Logically, the breach of any constitutional duty must have occurred on August 9, 2010, when the assault ocurred. Further, at the time of the assault Plaintiff possessed all the knowledge necessary to conclude that he had a constitutional claim against the Defendants. Therefore, absent a tolling argument, the statute of limitations in Plaintiff's case began to run in August of 2010, and ended in August of 2013. As noted above, however, Plaintiff commenced this action in September of 2016, more than three years after the statute of limitations expired. Thus, the

---

[1] "Even where a federal court borrows a state statute of limitations, '[f]ederal law governs the question of when a federal claim accrues.'" *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 221 (2d Cir. 2003) (quoting *Leon v. Murphy*, 988 F.2d 303, 309 (2d Cir. 1993)).

Plaintiff's claims are clearly time-barred.

"However, in 'rare and exceptional' cases, the doctrine of equitable tolling or equitable estoppel may be invoked to defeat a defense that the action was not timely filed." *Levesque v. Clinton Cty. N.Y.*, 2015 WL 1924127, at *2 (N.D.N.Y. Apr. 28, 2015) (quoting *Russo v. Duprey*, 2014 WL 948851, at *1 (N.D.N.Y. Mar. 11, 2014)); *see also Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996); *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). Equitable tolling may apply "where necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing." *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011) (quoting *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004)). Thus, "[e]quitable tolling is an extraordinary measure that applies when plaintiff is *prevented from filing* despite exercising that level of diligence which could be reasonably be expected in the circumstances." *Id.* "The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)

"Under New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quoting *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 793, 794 (N.Y. App. Div. 2005)). Here, Plaintiff makes no allegation of fraud, misrepresentations, or deception on the part of Defendants. The Plaintiff does appear to allege that he understood that he was somehow prevented from bringing this action while his Court of Claims action was pending, but such an excuse has already been considered and rejected by the Second Circuit. *Id.* at 641 ("[A] plaintiff's pursuit of a state remedy, such as an Article 78 proceeding, does not toll the statute of limitations

for filing a claim pursuant to section 1983."). What is more, Plaintiff's claim that he relied upon the erroneous advice of an attorney has been held to be insufficient. *See Collins v. Fischer*, 2017 WL 1957491, at *5 (S.D.N.Y. May 10, 2017) ("[E]ven if Plaintiff was implying that counsel's advice was in error, such a circumstance would not warrant equitable tolling.").

With regard to Plaintiff's physical condition, while there is no doubt that a condition involving loss of sight in one eye is an extremely serious one, the Plaintiff has not presented any compelling evidence why his physical condition would have prevented him from filing a timely civil rights claim, especially in light of the fact that Plaintiff indicates that he filed numerous grievances on this matter, as well as a Court of Claims action in 2012 (within the statute applicable to the § 1983 claim) in spite of his limited vision. *See* Compl. at pp. 2-3; *Boos v. Runyon*, 201 F.3d at 185 ("Boos's conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling.").

Based upon the foregoing, Plaintiff's § 1983 claims against Defendants are barred by the statute of limitations. Therefore, the Court recommends that Defendants' Motion be **granted**. Further, as the proposed amended complaint does not assert timely claims, it is recommended that the Plaintiff's Motion to File an Amended Complaint be **denied** as futile. *Mackensworth v. S.S. Am. Merchant*, 28 F.3d 246, 251-52 (2d Cir.1994) (finding denial of leave to amend complaint proper on futility grounds because proposed claim would have been barred by the statute of limitations).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants Motion to Dismiss (Dkt. No. 25) be **GRANTED** and

that Plaintiff's Motion to Amend (Dkt. No. 27) be **DENIED**, and that the Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 10, 2017
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).